UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

| | | |
|---|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL NO.9 PAINTING INDUSTRY INSURANCE FUND and TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY ANNUITY FUND and DISTRICT COUNCIL NO. 9 INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, A.F.L.-C.I.O.<br><br>         Petitioners,<br><br><br><br>       -against-<br><br>American Venture Construction LLC,<br><br>         Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Index No.:<br><br><br>**PETITION TO CONFIRM ARBITRATION AWARD AND SUPPORTING MEMORANDUM OF LAW** |

------------------------------------------------------------------------

Petitioners, District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O., (the "Union") and Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (the "Trustees") by its attorneys Barnes, Iaccarino & Shepherd LLP, petition this Court for an Order and Judgment confirming the Decision and Award of the Joint Trade Committee of the Painting and Decorating Industry (the "Joint Trade Committee), dated June 24, 2020:

## JURISDICTION AND VENUE

1.      This is a petition, pursuant to § 9 of the Federal Arbitration Act ("FAA" or § 9), 9 U.S.C. § 9, and § 301 of the Labor Management Relations Act ("LMRA" or "§ 301"), 29 U.S.C. § 185, to confirm the July 27, 2020 Decision and Award of the Joint Trade Committee of the Painting and Decorating Industry (the "Award"). (*See* Declaration of Lauren M. Kugielska

("Kugielska Decl."), Exhibit "A.") This Court has jurisdiction pursuant to § 301. Venue properly

lies in this District under LMRA § 301 and FAA § 9, and 28 U.S.C. Section 1391 (b).

## PARTIES

2.      Petitioner Union is a labor organization within the meaning of Section 301 of the

Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting

commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section

3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General

Associations Law of the State of New York. The Union's principal office is located at 45 West

14th Street, New York, NY  10011.

3.      Petitioner Trustees, are, at all relevant times, the fiduciaries of jointly administered

multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section

502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C.

Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the various

Employers pursuant to the terms of the Union's collective bargaining agreements and Trust

Indentures in accordance with Section 302(c)(5)(1) of the Taft Hartley Act (29 U.S.C. 186(c)(5)).

The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and

502(d)(1) of ERISA (29 U.S.C. Sections 1002(3) and 1132(d)(1)), and multi-employer plans

within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).

Petitioner Trustees of the Funds are the "plan sponsor" within the meaning of Section 3(16)(B)(iii)

of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

4.      Respondent, American Venture Construction LLC ("American Venture" or the

"Employer") is upon information and belief a corporation duly organized and existing under the

laws of New York State with its last known places of business located at 7 Johnson Terrace,

Middletown, New Jersey 07748 and 318 Kingsland Road, Landing, New Jersey 07850 and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

## FINALITY OF THE ARBITRATION AWARD

5.     At all relevant times Respondent was a party to a collective bargaining agreement ("CBA") with the Union. (*See* Kugielska Decl., Exhibit "B.")

6.     The CBA provides for the submission of disputes to final, binding decisions of the Joint Trade Committee. (*Id.*, at Article XIII)

7.     A dispute arose when American Venture failed to submit benefits to Union members for the period weeks ending June 26, 2019 through November 12, 2019, pursuant to Article XX and Article XIII Section 11 Violation 9 of the CBA. (*Id.*, at Article XX & Article XIIII Section 11 Violation 9.)

8.     Pursuant to Article XIII of the CBA, the Union filed Demands for Arbitration with the Joint Trade Committee and served the Demands for Arbitration on Respondent. (*See* Kugielska Decl., Exhibit "B," Article XIII & Exhibit "C.")

9.     Thereafter, the Joint Trade Committee held a hearing on July 13, 2020 and rendered the July 27, 2020 Award thereafter. (*See* Kugielska Decl., Exhibit "A.")

10.    The said Award provided that Respondent, American Venture, violated the CBA by failing to pay benefits to members Patrick Beckner, Ricardo Diaz, Christopher Goring, John Ieva, Jurandir Ortiz, Angel Rodriguez, Ramon Santana, Marcelo Conke, and Felix Santana. (*Id.*.)

11.    The said Award directs Respondent, as a remedy for the aforesaid violations, as follows:

(i)     American Venture shall pay $91,406.40 in benefits to the Funds as contributions on behalf of Patrick Beckner, Ricardo Diaz, Christopher Goring, John Ieva, Jurandir Ortiz, Angel Rodriguezm Ramon Santana, Marcelo Conke, and Felix Santana; and

(ii)    American Venture shall pay $4,000 in liquidated damages to the Joint Trade Committee of the Painting and Decorating Industry.

12.    The Award was issued on July 27, 2020 and served on Respondent. (*See* Kugielska Decl., Exhibit "D.")

13.    A demand letter was served on Respondent following its failure to comply with the Award. (*See* Kugielska Decl., Exhibit "E.")

14.    To date, Respondent has failed and refused to comply with the Award. Judgment on the Award is therefore necessary to permit the Union and the Trustees to enforce the Award.

15.    Respondent's failure to pay the total amount set forth in the Award violates the Award.

16.    The Award was made in accordance with the terms and provisions of the parties' written agreement and is in all respects proper.

17.    The Award has not been vacated, modified, or corrected as prescribed in sections 10 and 11 of the FAA and therefore should be confirmed. *See* 9 U.S.C. §§ 10, 11.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests an Order and Judgment granting the following relief:

(i)     confirming the Arbitration Award of the Joint Trade Committee in its entirety;

(ii)    directing American Venture to pay $91,406.40 in benefits to the Funds as contributions on behalf of Patrick Beckner, Ricardo Diaz, Christopher Goring, John

Ieva, Jurandir Ortiz, Angel Rodriguezm Ramon Santana, Marcelo Conke, and Felix Santana;

(iii)    directing American Venture to pay $4,000 in liquidated damages to the Joint Trade Committee of the Painting and Decorating Industry;

(iv)    directing judgment to be entered thereon;

(v)    and for such other and further relief as the Court may deem just and proper.

Dated: Elmsford, New York
     October 27, 2020

Lauren M. Kugielska, Esq.
Barnes, Iaccarino & Shepherd LLP
*Attorneys for Petitioners Trustees of the District*
*Council No. 9 Painting Industry Insurance Fund and*
*Trustees of the District Council No. 9 Painting*
*Industry Annuity Fund and District Council No. 9*
*International Union of Painters and Allied Trades,*
*A.F.L.-C.I.O.*
258 Saw Mill River Road
Elmsford, NY 10523
(914) 592-1515

6