UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TRUSTEES OF THE DISTRICT COUNCIL NO. 9
PAINTING INDUSTRY INSURANCE FUND and
TRUSTEES OF THE DISTRICT COUNCIL NO. 9
PAINTING INDUSTRY ANNUITY FUND and           ECF CASE
DISTRICT COUNCIL NO. 9 INTERNATIONAL
UNION OF PAINTERS AND ALLIED TRADES,
A.F.L.-C.I.O.,

        Petitioners,                                Index No.: 20-cv-08987(JPO)

        -against-

American Venture Construction LLC,

        Respondent.

-------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS' MOTION FOR SUMMARY JUDGMENT SEEKING TO CONFIRM AN ARBITRATION AWARD

### STANDARD OF REVIEW

Rule 56(c) allows for summary judgment where the evidence demonstrates that "'there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law.'" Patricia Bright v. Le Moyne College and Int'l Brotherhood of Teamsters Local 3, 306 F. Supp. 2d 244, 251 (2004), *quoting* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Summary judgment "is properly regarded . . . as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Id., *quoting* Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). The "disputed issues of fact must be supported by evidence that 'could not lead a rational trier of fact to find for the non-moving party.'" Id., *quoting* Mashusita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

1

When "a motion for summary judgment is supported by documentary evidence and sworn affidavits, the opposing party must present significant probative evidence and sworn affidavits to create a genuine issue of fact." Id. at 252, *citing* Victoria v. O'Neil, 68 F. Supp. 84 (D. Conn. 1988).

"The standard of review that a court must employ in reviewing an arbitration award is extremely narrow. This standard of review is necessary in order to maintain the court's 'well established deference to arbitration as a favored method of settling disputes when agreed to by the parties.'" Mangan v. Finkelstein, 1991 U.S. Dist. LEXIS 5826, *5-*6 (S.D.N.Y. Apr. 30, 1991), *quoting* Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd., 888 F.2d 260, 265 (2d Cir. 1989). "Courts are 'not authorized to consider the merits of an arbitration award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract.'" Id., *quoting* United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 108 S. Ct. 364, 370 (1987). "'As long as the arbitrator's award draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." Id., *citing* United Paperworkers, supra at 370, *quoting* Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960).

"Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Rai v. Barclays Capital Inc., 2010 WL 2465501 (S.D.N.Y. 2010), *citing* Willemijn Houdstermaatschappij, BV v. Standard Microsystems, 103 F.3d 9, 12 (2d Cir. 1997), *quoting* Folkways Music Publishers v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993); *see also* Local 1199, Drug, Hosp. & Health Care Employees Union v. Brooks Drug Co., 956 F.2d 22, 24 (2d Cir. 1992).

The Court of Appeals for the Second Circuit "adhere[s] firmly to the proposition … that an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a 'barely colorable justification for the outcome reached.'" Landy Michaels Realty Corp. v. Local 32B-32J, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted); *see also* Fahnestock & Co., Inc. v. Waltman, 935 F.2d 512, 516 (2d Cir. 1991); In re Marine Pollution Serv., Inc., 857 F.2d 91, 94 (2d Cir. 1988).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

American Venture Construction LLC ("American Venture") is a party to a collective bargaining agreement ("CBA") with District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. ("DC 9" or the "Union"). Declaration of John Drew in Support of Petitioners' Motion for Summary Judgment, dated December 2, 2020 ("Drew Decl."), ¶ 6. The CBA provides for the submission of disputes to final, binding decisions of the Union's Joint Trade Committee. Declaration of Lauren M. Kugielska, dated October 27, 2020 ("Kugielska Decl."), Exhibit "B," Article XIII.

A dispute arose under the CBA when American Venture failed to remit benefits to Union members Patrick Beckner, Ricardo Diaz, Christopher Goring, John Ieva, Jurandir Ortiz, Angel Rodriguez, Ramon Santana, Marcelo Conke, and Felix Santana for the period weeks ending June 26, 2019 through November 12, 2019. Drew Decl., ¶ 7; Kugielska Decl., Exhibit "B," Article XX Section 3(a) & Article XIII Section 11 Violation 9; Petition (ECF No. 1), ¶ 7. The Union filed Demands for Arbitration with the Union's Joint Trade Committee (the "JTC") and submitted a Notice of Intention to Arbitrate to the Employer. *Id.*, at ¶ 7; *id.*, at Exhibit "C;" *id.*, at ¶ 8.

The JTC held a hearing on July 13, 2020 and rendered a written Award thereafter. *Id.*, at ¶¶ 8, 9; *id.*, at Exhibit "A;" *id.*, at ¶ 9. The JTC found that American Venture breached the CBA when it failed to pay contractual benefits to Patrick Beckner, Ricardo Diaz, Christopher Goring,

3

John Ieva, Jurandir Ortiz, Angel Rodriguez, Ramon Santana, Marcelo Conke, and Felix Santana, and the JTC directed Sahara to pay $91,406.40 in benefits to Union members Patrick Beckner, Ricardo Diaz, Christopher Goring, John Ieva, Jurandir Ortiz, Angel Rodriguez, Ramon Santana, Marcelo Conke, and Felix Santana for work performed on American Venture's behalf for the period weeks ending June 26, 2019 through November 12, 2019; and $4,000.00 in liquidated damages. *Id.*; *id.*; *id.*, at ¶¶ 10-11. American Venture has since satisfied benefits in the total amount of $36,862.34 to the Funds as contributions on behalf of Union members Ricardo Diaz, John Ieva, Jurandir Ortiz, Angel Rodriguez and Felix Santana covering the period weeks ending June 26, 2019 through November 12, 2019. Drew Decl., ¶ 10.

The Award was delivered to American Venture. Drew Decl., ¶ 11; Kugielska Decl., Exhibit "D;" Petition (ECF No. 1), ¶ 12. American Venture has failed to comply with the terms of the Award. Drew Decl., ¶ 13; Petition (ECF No. 1), ¶ 14. American Venture has not commenced an action seeking to vacate or modify the Award. Drew Decl., ¶ 14; Petition (ECF No. 1), ¶ 17.

## ARGUMENT

### THE JTC AWARD MUST BE CONFIRMED IN ACCORDANCE WITH WELL ESTABLISHED SUPREME COURT AND SECOND CIRCUIT DECISIONAL LAW

Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185, grants federal courts jurisdiction to confirm labor arbitration awards. Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261, 912 F.2d 608, 612 (2d Cir. 1990). The standard for confirming labor arbitration awards is highly deferential. One Beacon Insurance Group v. McLam, 2009 U.S. Dist. LEXIS 67369 **4-5 (JS) (E.D.N.Y. July 29, 2009), *citing* Leed Architectural Prods., Inc. v. United Steelworkers of America, Local 6674, 916 F.2d 63, 65 (2d Cir. 1990).

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court' . . . ." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). Thus, "in a confirmation proceeding, the court properly may consider only the statutory bases for modifying or vacating an award and challenges to the award's clarity." Ottlry v. Schwartzberg, 819 F.2d 373, 377 (2d Cir. 1987).

As the Supreme Court similarly held, an application for an order confirming an arbitration award "will get streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." Hall Street Associates LLC v. Mattel, Inc., 128 S.Ct. 1396, 1402 (2008) ("Under the terms of [FAA] Sec 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected in 'as prescribed' in Secs 10 and 11."). As the Supreme Court made clear, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." Id. at 1405.

However, invoking the "prescribed" statutory bases for challenging an award under the FAA requires that a "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. Sec. 12. See also Local 802 v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998) ("'When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted and to obtain its confirmation in a summary proceeding.'" (quoting Florasynth, 750 F.2d at 177)).

As the Second Circuit stated:

[A]ctions to confirm such awards are "straightforward proceedings in which no other claims are to be adjudicated." National Football League Players Association v. National Football League Management Council, 2013 U.S. App. LEXIS 7833 \*\* 10-11 (2d Cir. Apr. 19, 2013).

5

In this case, Sahara did not file a motion seeking to vacate the Award within three months as required under the FAA or NY CPLR 7511(a). Its failure to commence a timely action seeking to vacate the award streamlines judicial review because "in a confirmation proceeding, the court properly may consider only the statutory bases for modifying or vacating an award and challenges to the award's clarity." Ottley, 819 F.2d at 377; see also Parker Meridien Hotel, 145 F.3d at 89 ("[W]e hold that grounds for vacating an arbitration award may not be raised as an affirmative defense after the period provided in the appropriate statute of limitations governing applications to vacate an arbitration award has lapsed (in New York's case, ninety days)."); Hall Street Associates LLC, 128 S.Ct. at 1406 n.7 (noting that "[t]he text of the FAA was based upon that of New York's arbitration statute."). Furthermore, the Award "'draws its essence from the collective bargaining agreement,'" providing that Sahara violated the CBA by failing to pay contractual wages and benefits, and is therefore legitimate. United Paperworkers Int'l Union, AFL-CIO, 108 S. Ct. at 370 *quoting* Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960); Drew Decl., ¶ 8; Petition (ECF No. 1), ¶¶ 9, 10 & 16.

The Award must be confirmed based upon this controlling Supreme Court and Second Circuit decisional law.

## CONCLUSION

For the reasons stated above, the Court should confirm the arbitration award.

Dated: Elmsford, New York
December 2, 2020

Respectfully submitted,

By: */s/ Lauren M. Kugielska*
*Attorneys for Petitioners*
Barnes, Iaccarino & Shepherd LLP
258 Saw Mill River Road
Elmsford, New York 10523
Phone: (914) 592-1515
Fax:    (914) 592-3213
lkugielska@bislawfirm.com